IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTHOUSE NEWS SERVICE,<br><br>       Plaintiff,<br><br>v.<br><br>ZABRINA W. DEMPSON, in her official capacity as the Clerk of Superior Court of the District of Columbia,<br><br>       Defendant. | Case No.: 1:24-cv-00726-JMC |

## MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a) and Local Rules 7(i) and 15.1, Plaintiff Courthouse News Service ("CNS"), through undersigned counsel, respectfully moves the Court for leave to amend its Complaint to add a party. This is an action for, *inter alia*, declaratory and injunctive relief to prevent the ongoing denial of CNS' First Amendment right of access to newly filed civil lawsuits. The proposed Amended Complaint, attached hereto, differs from the Complaint only in that it adds as a defendant Herbert Rouson, Jr., in his official capacity as Executive Officer of the D.C. Courts ("Rouson"), and includes certain factual allegations regarding him. In support of its motion, CNS states as follows:

### STATEMENT OF POINTS AND AUTHORITIES

#### Factual Background

CNS filed its initial Complaint in this matter on March 13, 2024. *See* ECF 1. In that Complaint, CNS named only one defendant, Zabrina W. Dempson, in her official capacity as the Clerk of Superior Court of the District of Columbia ("Clerk Dempson"). *See* ECF 1. CNS alleged in good faith that Clerk Dempson was responsible for the policies and practices resulting in the

denial of CNS' First Amendment right of access and that she had authority over the same, including that she was responsible for the administration of the eFileDC system through which civil complaints are electronically filed. *See* ECF 1.

On August 19, 2024, Clerk Dempson filed her answer and affirmative defenses. *See* ECF 21. Clerk Dempson admitted that she "is responsible for overseeing the processing of documents transmitted through eFileDC and for public access to D.C. Superior Court records through that system and any other system licensed by the D.C. Superior Court." ECF 21 ¶ 21. However, she "denie[d] having responsibility for the overall administration of eFileDC beyond processing of documents." *Id.*

Accordingly, CNS conducted additional investigation and identified Rouson as the Contracting Officer for the D.C. court system. CNS then reached out to counsel for Clerk Dempson on September 26, 2024, stating that, based on Clerk Dempson's answer, CNS intended to seek leave to add Rouson as a defendant in his official capacity. Counsel for Clerk Dempson responded on September 27, 2024, stating that Clerk Dempson would consent to a motion substituting the District as a defendant for Clerk Dempson, but would oppose the addition of any individual defendants in their official capacity as redundant.

Because CNS disagrees in good faith with Clerk Dempson's interpretation of the case law, and to ensure that it can obtain effective injunctive relief, CNS now files this motion seeking leave to amend its Complaint.

**Argument**

Leave to amend should be freely granted where justice so requires. Fed. R. Civ. P. 15(a)(2). Under this standard, a motion for leave to amend should be granted absent "undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments

2

previously allowed, or undue prejudice to the opposing party." *In re Papst Licensing GmbH & Co. KG Litigation*, 762 F. Supp. 2d 56, 59 (D.D.C. 2011) (quotations omitted). None of those exceptions are present here. This case is in the early stages, and CNS seeks leave to amend its complaint within the deadline for adding additional parties and prior to any discovery occurring. Further, CNS seeks to amend its Complaint only so far as to add a party in direct response to the factual allegations and denials regarding authority over certain official acts in Clerk Dempson's Answer. Thus, there is clearly no undue delay, bad faith, or undue prejudice.

Rather, as explained above, CNS originally named Clerk Dempson, in good faith, as the only defendant in this matter. *See* ECF 1.

In her answer, Clerk Dempson admitted that "she is responsible for overseeing the processing of documents transmitted through eFileDC and for public access to D.C. Superior Court records through that system and any other system licensed by the D.C. Superior Court." ECF 21 ¶ 21. However, Clerk Dempson denied that she has responsibility for the overall administration of eFileDC beyond processing documents or that she has the ability to "use any one of" the access alternatives proposed by CNS and offered by Tyler Technologies, the current vendor for eFileDC. *Id.* ¶¶ 16, 21.

Accordingly, CNS now seeks to amend its Complaint to add as a defendant Herbert Rouson, Jr., in his official capacity as Executive Director of the District of Columbia Courts. The Executive Officer is responsible for the administration of the District of Columbia court system and is the principal Contracting Officer for the courts responsible for the procurement of necessary equipment, supplies, and services. *See* D.C. Code §§ 11-1703(a), 11-742(b); Procurement Guidelines of the District of Columbia Courts §§ 101.1, 101.6. Such equipment and services include any e-filing system licensed from or otherwise provided by a third party. Thus, Clerk

3

Dempson and Officer Rouson are both implicated by the declaratory and injunctive relief sought by CNS: Officer Rouson through his authority as the Contracting Officer for the courts and for his practice of procuring an e-filing system which does not provide the tools for a press review queue or other public access solution, and Clerk Dempson through her authority over processing, maintaining, and making records publicly available through that system and for her policy and practice of delaying access to records.

In spite of this, Clerk Dempson now takes the contradictory position of opposing CNS' Motion for Leave to Amend to add Officer Rouson as a defendant, arguing that claims against another individual defendant in their official capacity would be duplicative. This argument is not only contradictory to Clerk Dempson's denials in her Answer that she is the proper party responsible for administering eFileDC, it is also unsupported by the caselaw.

"Courts have long recognized that federal officers may be sued in their official capacity for prospective injunctive relief to prevent ongoing or future infringement of federal rights." *Hatfill v. Gonzales*, 519 F. Supp. 2d 13, 26 (D.D.C. 2007). Thus, this Court has routinely denied motions to dismiss claims against multiple individual defendants sued in their official capacity. *See, e.g.*, *Tschanneral v. District of Columbia Bd. of Educ.*, 594 F. Supp. 407, 409 (D.D.C. 1984) ("Plaintiffs who seek injunctive relief may name the individual members of the Board as parties and may also name other public officials as parties, provided that the claim for injunctive relief is properly directed at those board members or officers."); *K.W. v. District of Columbia*, 385 F. Supp. 3d 29, 43 (D.D.C. 2019) ("To the extent [Plaintiffs] are seeking injunctive relief against individuals in their capacities as public officials, they may proceed."); *see also Kantor v. District of Columbia*, 1990 WL 95492, at *1 (D.D.C. June 27, 1990) ("In order to obtain injunctive relief, plaintiffs must amend their complaint so as to name individual members of the Board as defendants.").

In *K.W. v. District of Columbia*, multiple individual defendants sued in their official capacities argued that the claims against them should be dismissed as redundant because suits against individuals in their official capacity are equivalent to a suit against the municipality itself, the exact argument that Clerk Dempson relies on in opposing CNS' request for leave to amend its Complaint. 385 F. Supp. 3d at 42-43. This Court expressly rejected that argument as applied to claims involving declaratory and injunctive relief. *Id.* at 43. In doing so, it distinguished K.W.'s claims from the line of caselaw cited by the defendants because they sought "more than compensatory damages—specifically injunctive and declaratory relief." *Id.* Therefore, despite acknowledging that Section 1983 claims for compensatory damages against individuals in their official capacities may be equivalent to those against the municipality, it denied the individual defendants' motion to dismiss. *Id.*

By opposing CNS' request to amend its Complaint and add a party as redundant, while also denying that she has authority over certain policies and practices from which CNS seeks injunctive relief, Clerk Dempson's position is inherently contradictory. She cannot have it both ways. Here, CNS' complaint is focused on declaratory and injunctive relief against policies and practices that deny CNS' right of access to new civil complaints. Because both Clerk Dempson and Officer Rouson have distinct authority over and are responsible for policies and practices which contribute to the denial of CNS' rights, CNS should be granted leave to amend its Complaint to add Officer Rouson as a party.

WHEREFORE, CNS respectfully requests that the Court grant leave to amend and enter the attached proposed order granting its Motion for Leave to Amend Complaint and deeming the attached Amended Complaint as filed.

## Certificate of Good Faith Conference

Pursuant to Local Rule 7(m), I hereby certify that counsel for Plaintiff has conferred with counsel for Defendant, who advised that Defendant cannot consent to the relief sought.

DATED: September 30, 2024                                                  Respectfully submitted,

/s/ *Mark R. Caramanica*
**THOMAS & LOCICERO PL**
Mark R. Caramanica (*pro hac vice*)
Florida Bar #110581
Carol Jean LoCicero (*pro hac vice*)
Florida Bar #603030
601 South Boulevard,
Tampa, FL 33606
Telephone: (813) 984-3060
mcaramanica@tlolawfirm.com
clocicero@tlolawfirm.com
tgilley@tlolawfirm.com
jvanderhorst@tlolawfirm.com

Daniela Abratt-Cohen (*pro hac vice*)
Florida Bar #118053
915 Middle River Drive, Suite 309
Fort Lauderdale, FL 33304
Telephone: (954) 703-3418
dacohen@tlolawfirm.com

-and-

**DAVIS WRIGHT TREMAINE LLP**
Patrick J. Curran, Jr.
D.C. Bar #1026302
Lauren M. Harris
D.C. Bar #1740251
1301 K Street NW
Suite 500 East
Washington, D.C. 20005
Telephone: (202) 973-4241
patcurran@dwt.com
laurenharris@dwt.com

*Attorneys for Courthouse News Service*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of September, 2024, true and correct copies of the foregoing MOTION FOR LEAVE TO AMEND COMPLAINT and the attached PROPOSED AMENDED COMPLAINT (clean and redline versions) and PROPOSED ORDER were served and filed via CM/ECF upon all counsel of record.

/s/ Mark R. Caramanica
Attorney