UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COURTHOUSE NEWS SERVICE,

               Plaintiff,

   v.

ZABRINA W. DEMPSON,

               Defendant.

Case No. 24-cv-0726 (JMC)

**MEMORANDUM OPINION & ORDER**

Plaintiff Courthouse News Service (CNS) alleges that the Superior Court for the District of Columbia violates the First Amendment by "restrict[ing] access to newly e-filed civil complaints from the press and public until after they have been 'processed' by staff." ECF 1 ¶ 17.[1] CNS filed this suit in March 2024, seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. *Id.* ¶¶ 55–58. The complaint named one defendant: Zabrina W. Dempson, in her official capacity as the Clerk of the D.C. Superior Court. *Id.* ¶ 21. Dempson filed an answer, admitting that she is responsible "for overseeing the processing of documents transmitted through eFileDC and for public access to D.C. Superior Court records through that system," but denying responsibility "for the overall administration of eFileDC." ECF 21 ¶ 21. In light of those representations, CNS moves for leave to file an amended complaint to name Herbert Rouson, Jr., in his official capacity as Executive Officer of the D.C. Courts, as an additional defendant. ECF 24 at 1. Dempson opposes that motion, ECF 25, and cross-moves to substitute the District of Columbia as the sole

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

Defendant in this case, ECF 26. For the reasons set out below, the Court will **GRANT** CNS's motion for leave to file an amended complaint, ECF 24, and **DENY** Dempson's cross-motion for substitution, ECF 26.

The parties agree that CNS may sue Dempson and Rouson in their official capacities for prospective injunctive relief. ECF 26 at 1–2; *see Hatfill v. Gonzales*, 519 F. Supp. 2d 13, 26 (D.D.C. 2007) ("Courts have long recognized that federal officers may be sued in their official capacity for prospective injunctive relief to prevent ongoing or future infringement of federal rights." (quoting *R.I. Dept. of Env't Mgmt. v. United States*, 304 F.3d 31, 41 (1st Cir. 2002))). Dempson's sole argument is that, even though the named officials are proper defendants, the Court can exercise its discretion to substitute the District as the sole defendant. ECF 26 at 1–2. But in each case Dempson relies on for that proposition, the court exercised its discretion to dismiss individual officers because the plaintiff had also (redundantly) sued the District. *See A.U. v. District of Columbia*, No. 19-CV-3512, 2020 WL 4754619, at *15–17 (D.D.C. July 13, 2020), *report and recommendation adopted*, 2020 WL 4750249 (D.D.C. Aug. 17, 2020); *Day v. District of Columbia*, 894 F. Supp. 2d 1, 32–33 (D.D.C. 2012); *Simba v. Fenty*, 754 F. Supp. 2d 19, 22–23 (D.D.C. 2010). These cases stand for the proposition that "[c]laims brought against individuals in their official municipal capacities *that are brought simultaneously against the municipality employing the officials* are dismissed as duplicative." *Simba*, 754 F. Supp. 2d at 22 (emphasis added). But that is not the case here. CNS has sued only individual officers, not the District, so its claims are not redundant.

The parties have identified no case in which a plaintiff has (properly) named an individual officer as a defendant and the court has intervened to substitute the municipality for the officer

2

because the municipality preferred that it be named instead of its officials. Absent such precedent, this Court will not disturb CNS's decision to sue individual officers rather than the District.

\* \* \*

For the foregoing reasons, CNS's motion for leave to file an amended complaint, ECF 24, is **GRANTED**, and Dempson's cross-motion to substitute party, ECF 26, is **DENIED**. The Clerk of Court shall docket ECF 24-1 as the amended complaint.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: November 19, 2024